IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01920-MSK-KMT

ROCKY MOUNTAIN PARKING, LLC, a Colorado limited liability company,

    Plaintiff,

v.

BFI WASTE SYSTEMS OF NORTH AMERICA, INC., a Delaware corporation,

    Defendant.

---

# ORDER

---

This matter is before the court on Defendant BFI Waste Systems of North America Inc.'s (hereafter "BFI") "Motion for Leave to File Amended Answer and Third-party Complaint" ("Mtn." [Doc. No. 22, filed February 15, 2008]). Rocky Mountain Parking, LLC (hereafter "RMP") filed "Plaintiff's Response to Defendant's Motion for Leave to File Amended Answer and Third-party Complaint ("Rsp." [Doc. No. 32, filed March 10, 2008]). Plaintiff replied on March 25, 2008 with "Reply in Support of Motion for Leave to File Amended Answer And Third-party Complaint" ("Reply" [Doc. No. 35]).

The Complaint in this action seeks to enforce an April 24, 2006 land lease purportedly entered into between RMP and BFI. The signatories to the lease were Michael Magee, Manager of RMP, and Brian Hopkins, General Manager of the Tower Road Landfill for BFI. (Compl. at ¶10; Answer at ¶ 10). When it came time to develop the premises, BFI refused to recognize the

validity of the lease. (*Id*. at ¶ 18) RMP presents claims for declaratory judgment, specific performance under the lease, breach of contract and the implied covenant of good faith and fair dealing.

BFI filed its Answer on September 19, 2007 alleging that the signature of Mr. Hopkins was obtained by fraud and false pretenses and denying the claims presented by RMP and asserting a number of affirmative defenses.

The amended answer which BFI requests to file "provides additional detail about BFI's affirmative defenses . . . [and] the third-party complaint alleges claims against Michael Magee . . .". (Mtn. at 1) The defendants claim Magee was the "founder and manager of Rocky Mountain Parking, LLC [and] was also a BFI District Manager at the time the purported lease was executed." (*Id*.) BFI's Third Party Complaint asserts claims against Magee based on Breach of Fiduciary Duty, Fraud and Misrepresentation, and "Traditional Common Law Indemnity."

Plaintiff argues that BFI's amended answer does not correct inherent defects in the original answer and that BFI should not be allowed to counterclaim against Magee since the claims presented fail to state cognizable claims and would be subject to a motion to dismiss presumably pursuant to Fed. R. Civ. P. 12. (Rsp. at 2-3)

A Scheduling Order was entered on January 3, 2008 by Magistrate Judge Hegarty. That order specified that the deadline date for Joinder of Parties and Amendment of Pleadings was February 15, 2008. [Doc. No. 1, ¶ 8(a)]. Therefore, the motion and proposed amended answer and third-party complaint were timely filed.

Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

An argument against a request to amend a pleading which is solely based on the perceived lack of merit of a specific claim is malapropos. Contrary to the argument of the plaintiffs, the addition of the party and the counterclaims are not futile pursuant to Rule 12. In a motion filed pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts all of a claimant's well-pleaded allegations as true, as well as any reasonable inferences that may be drawn from those allegations. *Perkins v.*

3

*Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999). A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery. *Southern Disposal Inc. v. Texas Waste Mgmt.*, 161 F.3d 1259, 1261-62 (10th Cir. 1998). The primary question then, under Rule 12(b)(6) is whether the plaintiff has alleged each element necessary to establish a *prima facie* claim on which relief can be granted. *Ruiz v. McDonnell*, 299 F.3d 1173, 1182 - 83 (10th Cir. 2002); *Sutton v. United Air Lines, Inc.*, 130 F.3d 893, 902-903 (10th Cir. 1997).

The counterclaims sought to be added by BFI meet the *prima facie* test. The claims are pleaded with reasonable specificity for purposes of determination of whether an amendment to the pleadings should be allowed. There is no evidence that the counterclaims are brought to cause undue delay, and no evidence of bad faith or dilatory motive on the part of the movant. There is no undue prejudice to the opposing party by virtue of allowance of the counterclaims. All parties have long recognized that Magee was a critical participant in the lease arrangements.

Further, given that the plaintiffs have already alleged that BFI's answer was deficient (*see* "Motion to Strike Affirmative Defenses and Portions of Answer" [Doc. No. 23, filed February 15, 2008]) the defendant should be given an opportunity to cure any deficiencies. "We reiterate that the district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim." *Curley v. Perry,* 246 F.3d 1278, 1284 (10th Cir. 2001); *Mackey v. Lyons*, 52 Fed. Appx. 468, 472, 2002 WL 31745049, 4 (10th Cir. 2002)

It is therefore ORDERED:

1.   Defendant BFI Waste Systems of North America Inc.'s Motion for Leave to File Amended Answer and Third-party Complaint [Doc. No. 22] is GRANTED. The Amended Answer and Third-Party Complaint attached to Doc. No. 22 will be filed and docketed.

2.   Plaintiff Rocky Mountain Parking's Motion to Strike Affirmative Defenses and Portions of Answer [Doc. No. 23] is DENIED as moot without prejudice.

Dated this 23d day of April, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge